259 F.2d 941
 WIBC, Inc., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Crosley Broadcasting Corporation, Intervenor.
WIBC, Inc., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Crosley Broadcasting Corporation, an Ohio corporation, Intervenor.
 No. 14035.
 No. 14231.
 United States Court of Appeals District of Columbia Circuit.
 June 16, 1958.
 Petition for Rehearing En Banc Denied September 25, 1958.
 Certiorari Denied December 15, 1958.
 
 See 79 S.Ct. 290.
 Mr. Harry T. Ice, Indianapolis, Ind., of the bar of the Supreme Court of Indiana, pro hac vice, by special leave of court, with whom Messrs. Thomas W. Wilson, Thomas H. Wall and Earl R. Stanley, Washington, D. C., were on the brief, for appellant.
 Mr. Warren E. Baker, General Counsel, Federal Communications Commission, with whom Mr. Richard A. Solomon, Asst. General Counsel, was on the brief, for appellee.
 Mr. D. M. Patrick, Washington, D. C., with whom Messrs. Parker D. Hancock and Stanley S. Harris, Washington, D. C., were on the brief, for intervenor.
 Before EDGERTON, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.
 Order Filed June 16, 1958.
 PER CURIAM.
 
 
 1
 These cases came on for consideration on the transcript of the record and were argued by counsel.
 
 
 2
 After consideration the Court is of the view that since Commissioner Craven's vote was decisive in effecting the entry of the orders here complained of, he should not have voted without having heard oral argument, such argument having been requested and not clearly waived. See Bay State Beacon, Inc., 3 R.R. 1464 (1947); WBNX Broadcasting Co., 4 R.R. 205 (1947); 47 U.S.C.A. § 409(b) (1952). For this reason the Commission's orders will be vacated, without prejudice to such proper steps as the Commission may desire to take to maintain uninterrupted television service to the public on Channel 13 in Indianapolis, through the intervenor or otherwise, pending final decision. The Commission should reset the case for oral argument. Any final order which may thereafter be entered may be brought before this Court for review in the usual manner in a new proceeding. Under the circumstances, and inasmuch as the question may not hereafter arise, the Court does not reach the question whether Commissioner Craven is disqualified to vote in this case, and expresses no opinion on the subject.
 
 
 3
 Accordingly, it is ordered by the Court that the orders of the Federal Communications Commission appealed from herein be, and they are hereby, vacated and that these cases be, and they are hereby, remanded to the Federal Communications Commission for further proceedings consistent with the views above expressed.
 
 
 4
 On Intervenor's Petition for Rehearing En Banc
 
 
 5
 Decided September 25, 1958.
 
 
 6
 Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges.
 
 
 7
 WILBUR K. MILLER, Circuit Judge.
 
 
 8
 These cases are again before us on a petition for rehearing en banc filed July 1, 1958, by the intervenor, Crosley Broadcasting Corporation, in which it is contended (1) that objection to Craven's participation was waived, and (2) that Craven's participation had no effect on the result.
 
 
 9
 Objection to Craven's participation was based on two grounds: (a) that he had not heard oral argument which was held before he became a commissioner, and (b) that he had previously been employed by one of the parties. As to the second basis, we said in the order complained of, "* * * the Court does not reach the question whether Commissioner Craven is disqualified to vote in this case, and expresses no opinion on the subject." So the order was based, as it said, solely on the fact that the decisive vote was cast by one who had not heard oral argument.
 
 
 10
 It was not claimed in argument that Craven's possibly disqualifying previous employment had been waived. It was said that his participation in oral argument had been waived; and the basis for saying so was the announcement that any absent commissioner might take part, to which there was no objection. But Craven was not then an "absent commissioner" — he was not a commissioner at all. That is the reason we said in the order that oral argument before him had not been "clearly waived."
 
 
 11
 The intervenor seeks to show that Craven's participation had no effect on the result, although it was stated by the Commission that his vote was necessary to avoid an impasse. As a matter of fact, without him, six commissioners voted. Three of them voted for Crosley and the other three voted in other ways, as a result of which Crosley had three votes out of six. The petition for rehearing reasons that three votes were sufficient. It says: "* * * [O]nly the concurrence of a plurality — as distinguished from a majority — of the quorum required by section 4(h) is necessary for legal action." This is an incorrect statement. When a quorum is present, the Federal Communications Commission may act, but only on the vote of a majority of those present. This is manifest not only from its action in the present case, but also from previous pronouncements. WHEC, Inc., 10 R.R. 521; WJR, The Goodwill Station, 11 R.R. 1321. Its practice in that respect is in accord with the authorities concerning the action of Congress as well as administrative agencies. Brown v. District of Columbia, 1888, 127 U.S. 579, 586, 8 S.Ct. 1314, 32 L.Ed. 262; United States v. Ballin, Joseph & Co., 1891, 144 U.S. 1, 12 S.Ct. 507, 36 L.Ed. 321; Frischer & Co. v. Bakelite Corp., Cust. & Pat.App., 39 F.2d 247, 255, certiorari denied Frischer & Co. v. Tariff Comm. & Bakelite Corp., 1930, 282 U.S. 852, 51 S.Ct. 29, 75 L.Ed. 755; Olsen Co. v. State Tax Comm., 1946, 109 Utah 563, 168 P.2d 324; Adkins v. Citizens Board, 1932, 112 W.Va. 171, 163 S.E. 853, 854. In the latter case the court said: "It is the common law that where joint authority is involved, a quorum being present, legal action can be taken by a majority and by none less."
 
 
 12
 Section 4(h) is 47 U.S.C.A. § 154(h) and is as follows: "Four members of the Commission shall constitute a quorum thereof. The Commission shall have an official seal which shall be judicially noticed." From this the intervenor reasons that, although seven were present and six voted (as long as Craven abstained), three votes would control the Commission's action because § 4(h) says that four members shall constitute a quorum. According to this reasoning, three votes would control, no matter how many were present and voted.
 
 
 13
 The truth is that when six voted, it took four to control; that is why the Commission insisted that Craven vote. When he did, there were seven participants and it still took four to control; hence his vote was decisive.
 
 
 14
 The petition for rehearing en banc is denied.