**T. J. MOSS TIE COMPANY, Appellant,**

**v.**

**STATE TAX COMMISSION OF MISSOURI et al., Respondents.**

No. 48230.

Supreme Court of Missouri,

Division No. 1.

April 10, 1961.

Boyle, Priest, Elliott & Weakley, Howard Elliott, Edward D. Weakley, St. Louis, J. Ben Searcy, Eminence, for appellant.

Friend B. Greene, Pros. Atty., Eminence, for respondents.

COIL, Commissioner.

T. J. Moss Tie Company owned 73,616.51 acres of timberland in Shannon County. Its 1959 assessment was $346,105, about $4.70 an acre. The County Board of Equalization affirmed that assessment on appeal. Pursuant to the company's petition for review, the Missouri State Tax Commission held a hearing on December 14, 1959, and on December 17, 1959, rendered its purport-

ed decision "that the proper assessed valuation of petitioner's property should be $346,105.00." The Shannon County Circuit Court affirmed that decision. The company has appealed and contends that the trial court erred in so ruling because the commission's decision was invalid in that it was "made on unlawful procedure" and was not based upon substantial evidence upon the whole record but was arbitrary and discriminatory. The amount in dispute exceeds $15,000.

■ The testimony before the commission was transcribed on 118 typewritten pages. The company and the county adduced evidence tending to support their respective contentions that the 1959 assessment was not and was based upon a correct valuation. The view we take of this case makes it unnecessary to review that evidence or to determine its effect. That is because we are of the opinion, as contended by the company, that the commission's purported decision did not constitute a valid decision for the reason that it was promulgated in violation of the mandatory provisions of section 536.080.[1]

Section 138.240 (relating to the state tax commission) provided in part:

"2. A majority of such commission shall, at all times, constitute a quorum to transact business, * * *.

"3. Any investigation, inquiry or hearing which this commission is authorized to hold or undertake may be held or undertaken by or before any one member of the commission.

"4. All investigations, inquiries, hearings and decisions of a commissioner, and every order made by a commissioner, when approved and confirmed by a quorum of the commission, if so shown on its record of proceedings, shall be deemed to be the order of the commission."

Section 536.080 (part of the Administrative Procedure and Review Law) provided in part:

---

1. All section citations are to sections in V.A.M.S. and in RSMo 1959.

"2. In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs. The parties to a contested case may by written stipulation or by oral stipulation in the record at a hearing, waive compliance with the provisions of this section."

█ A hearing such as the one held in this case by the tax commission was a "contested case" within the meaning of the above section. Koplar v. State Tax Commission, Mo., 321 S.W.2d 686, 692[2].

The commission's decision, rendered on December 17, 1959, was:

"Decision.

"The Commission after giving consideration and study to the evidence, records and data submitted on behalf of the petitioner and the assessing officials finds that the proper assessed valuation of petitioner's property should be $346,105.00.

"It is so ordered.

"Missouri State Tax Commission."

It was stipulated by the chairman of the commission and the attorney for taxpayer "that the transcript of proceedings before the State Tax Commission in the above matter was filed with the State Tax Commission on or about December 28th or 29th, 1959." The parties apparently have construed that stipulation to mean that no transcript of the proceedings was available to or in the hands of the members of the commission until December 28, 1959, eleven days after the commission's decision.

The record shows that the December 14th hearing was at the Shannon County courthouse before James M. Robertson, chairman, Missouri State Tax Commission, and Mr. Russell C. Burk. The record does not disclose Mr. Burk's official status, if any, although he probably was an agent of the commission. We do know that he was not a member of the commission. The record does not show that the decision was approved and confirmed by a quorum of the commission as required by section 138.240, but, assuming that the foregoing decision, signed "Missouri State Tax Commission," was in fact approved and confirmed by a quorum of the commission, it nevertheless appears that by virtue of section 138.240 a quorum, i. e., two commissioners (one other than the commissioner who heard the evidence) were required to have joined "in rendering a final decision." Under the provisions of section 536.080, each agency official who joined "in rendering a final decision" was required prior thereto either to have heard all the evidence, to have read the full record including all the evidence, or personally to have considered the portions of the record cited or referred to in arguments or briefs. Inasmuch as only one commissioner heard the evidence and no transcript was available until eleven days after the decision and thus another commissioner could not have read the full record or considered citations to such transcript prior to the decision, and inasmuch as the record does not disclose any written or oral stipulation of the parties waiving compliance with the provisions of section 536.080, it is apparent that the requirements of that section were ignored.

█ The Administrative Procedure and Review Law obviously includes an attempt to provide minimum fundamental procedural requirements to insure, among other things, full and proper consideration by those members of an administrative tribunal who by law must participate in the decision of a contested case. It seems apparent, therefore, that the legislature intended that fundamental procedural requirements such as those in section 536.080 with respect to the nature and extent of the participation of each agency official who joins in a final decision, are mandatory and

must be complied with unless waived either by express stipulation or by failure to have raised the point on appeal to the circuit court. See Foley Brothers, Inc. v. Commonwealth, Pa.Sup., 400 Pa. 584, 163 A.2d 80, 84[5–7]; Feldman v. Board of Pharmacy of Dist. of Columbia, D.C.Mun.App., 160 A.2d 100, 102[3]; City of Asbury Park v. Dept. of Civil Service, 17 N.J. 419, 111 A.2d 625, 627[4–6]; Morgan v. United States, 298 U.S. 468, 481, 482, 56 S.Ct. 906, 80 L.Ed. 1288; WIBC, Inc. v. Federal Communications Commission, 104 U.S.App. D.C. 126, 259 F.2d 941; New Jersey State Board of Optometrists v. Nemitz, 21 N.J. Super. 18, 90 A.2d 740, 748[13].

Although the taxpayer raised the point in the circuit court and has fully briefed the contention in this court, the commission's brief failed to mention the matter and, consequently, suggested no reason for the inapplicability of or failure to have complied with the provisions of section 536.080. We nevertheless notice paragraph 4 of section 138.470 (the section providing for review of assessments by the state tax commission):

"4. The action of the commission, or member or agent thereof, when done as provided in this section, shall be final, subject, however, to review in the manner provided in sections 536.100 to 536.140, RSMo, except that the venue of proceedings for review involving the assessment of real property is in the county where the real property is situated."

■ The foregoing paragraph (of section 138.470), enacted in 1957, was essentially the same as paragraph 4 of prior section 138.470 enacted in 1945 at the same time and as part of the same chapter as was section 138.240, supra (providing for a quorum). The only difference is that former section 138.470 provided that the action of the commission, member or agent should be subject to judicial review as provided by the constitution, while the present paragraph, as noted, provided that such action should be subject to review under the specified sections of the Administrative Procedure and Review Law with the added provision as to the venue for such review. Any first blush conflict between paragraph 4 of section 138.470, if construed to authorize one member of the commission to render a final decision, and paragraph 4 of section 138.240 which requires the approval of a quorum of the commission before a decision by one commissioner is the "order" of the commission, is readily reconciled when those two provisions are considered as having been enacted at the same time as part of the same law. So construed, the meaning is clear that the action of the commission or member or agent thereof is final for purposes of review when that one's action has been approved and confirmed by a quorum of the commission (section 138.-240) and thus, if the approval or confirmance has been in compliance with section 536.140, promulgated as the valid final decision of the state tax commission.

For the reason heretofore stated, the judgment is reversed and the case is remanded with directions to the trial court to remand the case to the commission for further proceedings consistent with this opinion.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.