Trennis K. LILE, Petitioner,

v.

SECURITIES AND EXCHANGE COM-MISSION, Respondent.

No. 18206.

United States Court of Appeals Ninth Circuit.

Nov. 20, 1963.

Fizzolio & Fizzolio and Albert Vieri, North Hollywood, Cal., for petitioner.

Philip A. Loomis, Jr., Gen. Counsel, Walter P. North, Associate Gen. Counsel, and Jacob H. Stillman, Securities and Exchange Commission, Washington, D. C., for respondent.

Before BROWNING and DUNIWAY, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

Respondent moves at the outset to dismiss the petition for review as tardily filed. Section 25(a) of the Securities Exchange Act of 1934 provides that: "Any person aggrieved by an order issued by the Commission * * * may obtain a review of such order in the United States Court of Appeals * * * by filing in such court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or set aside in whole or in part." [15 U.S.C. § 78y(a).]

Here the challenged order was issued by the Commission on July 9, 1962, and sent by mail to petitioner on July 10, 1962, but the petition for review was not

filed in this Court until September 10, 1962, more than sixty days later.

Respondent urges that the date of issuance of the order, July 9, 1962, should be deemed to be the date of "entry" within the meaning of § 25(a) of the Act. Yet there is nothing in the record here to show that the order in question has ever been placed or recorded or summarized in any public record, so as to serve as notice to all the world in a manner analogous to the docket of the District Court. [See Fed.R.Civ.P. 58, 79(a), 77(d), 28 U.S.C.A.]

Although Rule 22(b) of the Rules of Practice adopted by the Commission directs that "a docket of all proceedings shall be maintained by the Commission" [17 C.F.R. 201.22(b)], respondent concedes that the Commission has never kept a docket in which orders may be entered. The Commission is bound nonetheless by its own rule to maintain "a docket of all proceedings", since Rule 22(b) has "the force and effect of law". [15 U.S.C. § 78w; cf. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265, 74 S.Ct. 499, 98 L.Ed. 681 (1954).]

Inasmuch as the date of entry of the order here sought to be reviewed does not appear, respondent's motion to dismiss the petition upon the ground of tardy filing must be denied. However, respondent asserts a further ground in support of the motion to dismiss: that petitioner did not exhaust his administrative remedies, having failed to urge before the Commission any of the objections voiced in his petition for review.

Section 25(a) of the Securities Exchange Act of 1934 declares that: "No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission." [15 U.S.C. § 78y(a).] This provision is an express limitation upon this Court's jurisdiction in this proceeding and, upon that ground, we must dismiss the petition without reaching the merits.

Petition dismissed for lack of jurisdiction over the subject matter.