BATTEN & CO., Inc., et al., Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION and United States of America, Respondents.

No. 18018.

United States Court of Appeals District of Columbia Circuit.

Argued March 3, 1964.

Decided April 16, 1964.

Mr. Roland D. Hartshorn, Arlington, Va., for petitioners.

Mr. Philip A. Loomis, Jr., Gen. Counsel, Securities and Exchange Commission, with whom Messrs. David Ferber, Assoc. Gen. Counsel, Richard M. Phillips, Special Counsel, and Allan S. Mostoff, Atty., Securities and Exchange Commission, were on the brief, for respondents. Messrs. John A. Dudley, Special Counsel, and Michael Joseph, Atty., Securities and Exchange Commission, also entered appearances for respondents.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

### BURGER, Circuit Judge:

Petitioners seek review of an order of the Securities and Exchange Commission revoking the broker and dealer registrations of Batten & Co., Inc., and Mutual Funds of America, Inc.

In its Findings and Opinion of May 29, 1963 the Commission found, as had the Examiner after hearing, that Batten & Co., Inc., aided and abetted by Batten individually, had willfully violated Sections 5(a) and (c) of the Securities Act of 1933, 48 STAT. 77 (1933), as amended, 68 STAT. 684 (1954), 15 U.S.C. § 77e(a) and (c) (1958), the securities registration provisions; Section 17(a) of the Securities Act of 1933, 48 STAT. 84 (1933), as amended, 15 U.S.C. § 77q(a) (1958), Section 10(b) of the Securities Exchange Act of 1934, 48 STAT. 891 (1934), 15 U.S.C. § 78j(b) (1958), Section 15(c) (1) of the Securities Exchange Act of 1934, 49 STAT. 1377 (1936), 15 U.S.C. § 78o(c) (1) (1958), and Rules 10b-5, 10b-6 and 15c1-2 thereunder, 17 C.F.R. § 240.10b-5 (1949), 17 C.F.R. § 240.10b-6 (Supp. 1963), 17 C.F.R. § 240.15c1-2 (1949), the antifraud provisions; and Section 17(a) of the Securities Exchange Act of 1934, 48 STAT. 897 (1934), as amended, 15 U.S.C. § 78q(a) (1958), and Rule 17a-3 thereunder, 17 C.F.R. § 240.17a-3 (1949, Supp. 1963), the record-keeping requirements. The Commission also found that the violations were "serious and extensive" and that in view of Batten's ownership and control of Mutual Funds of America, Inc., at the time of the violations,[1] the registrations of both Batten & Co., Inc., and Mutual Funds of America, Inc., should be revoked.

The illegal activities of Batten & Co., Inc., as found by the Commission were briefly these. On February 25, 1960, Batten & Co., Inc., as underwriter on a best-efforts basis, commenced a public offering of 106,875 shares of the stock of Saber Boats, Inc. (hereinafter Saber), at $2 per share; exemption from the federal registration requirements was claimed under Section 3(b) of the Securities Act of 1933, 48 STAT. 75 (1933), as amended, 68 STAT. 684 (1954), 15 U.S.C. § 77c(b) (1958), and Regulation A thereunder, 17 C.F.R. § 230.220–224 (1949). On May 16, 1960, Saber and Batten & Co. filed with the Commission a report stating that the offering had been completed on May 2, 1960. The

---

1. During the revocation proceedings, Mutual Funds had moved to dismiss the charges against it because Batten had since divested himself of legal ownership of that company. The Commission denied the motion on two grounds: (1) because Batten had retained a substantial beneficial interest in commissions from Mutual Funds' operations; (2) because Mutual Funds had been Batten's alter ego and thus "his willful violations * * * may be considered their willful violations."

Commission found, however, that Batten & Co. had retained control over at least 10,000 shares reportedly sold publicly by recording them on Batten & Co.'s books as sold just prior to or on May 2 to certain of Batten's relatives, employees and friends, and by repurchasing shortly after May 2 most of these shares from the purported "customers," a number of whom were unaware of and had not authorized any of the recorded transactions. The Commission thus found that because the terms and conditions of Regulation A had not been complied with, no exemption from regulation was available thereunder.

Subsequent to May 2, Batten & Co., by use of the mails and interstate facilities, actively bid for, purchased, offered and sold to the public, at prices higher than the stated public offering price, Saber stock, "reacquired" from the controlled accounts, thereby continuing beyond May 2 the public distribution of the offering and rendering "incorrect and misleading" the statement in the May 16 report that the offering was completed on May 2 and rendering "untrue and misleading" statements in the Regulation A offering circular regarding the offering price and plan of distribution. From these findings the Commission concluded that Batten & Co., aided and abetted by Batten individually, had willfully violated Sections 5(a) and (c) of the Securities Act[2]

by offering and selling the Saber stock without either complying with the exemption requirements or filing a registration statement for a nonexempt public offering and sale, and by bidding for and purchasing Saber stock while engaged in a distribution thereof and by making false entries in its books and records had willfully violated Sections 10(b)[3] and 17(a)[4] of the Securities Exchange Act and Rule 10b-6[5] and 17a-3[6] thereunder. The Commission further found that Batten & Co., under the complete control and supervision of Batten, in offering and selling the Saber stock had made unfounded predictions as to its future price and had led customers to believe incorrectly that the distribution had been completed; by these activities and the use of the false and misleading offering circular, the Commission concluded, Batten & Co. and Batten individually had willfully violated Section 17(a) of the Securities Act,[7] Sections 10(b)[8] and 15 (c) (1)[9] of the Securities Exchange Act, and Rules 10b-5[10] and 15c1-2[11] thereunder.

Our examination of the record in light of briefs and arguments satisfies us that appellants have not met their appellate burden of demonstrating that the findings and conclusions of the Commission are without substantial evidentiary support. The order of the Commission is therefore

Affirmed.

2. 48 Stat. 77 (1933), as amended, 68 Stat. 684 (1954), 15 U.S.C. § 77e(a) and (c) (1958).

3. 48 Stat. 891 (1934), 15 U.S.C. § 78j(b) (1958).

4. 48 Stat. 897 (1934), as amended, 15 U. S.C. § 78q(a) (1958).

5. 17 C.F.R. § 240.10b–6 (Supp.1963).

6. 17 C.F.R. § 240.17a–3 (1949, Supp. 1963).

7. 48 Stat. 84 (1933), as amended, 15 U.S.C. § 77q(a) (1958).

8. See Note 3, supra.

9. 49 Stat. 1377 (1936), 15 U.S.C. § 78o(c) (1) (1958).

10. 17 C.F.R. § 240.10b–5 (1949).

11. 17 C.F.R. § 240.15c1–2 (1949).