GEARHART & OTIS, INC., Frederick D. Gearhart, Jr. and Edward V. Otis, Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION and United States of America, Respondents.

No. 18817.

United States Court of Appeals District of Columbia Circuit.

Argued April 27, 1965.

Decided June 30, 1965.

Petition for Rehearing Denied Aug. 10, 1965.

Mr. Courts Oulahan, Washington, D. C., with whom Messrs. Charles S. Rhyne and Edward D. Coxen, Jr., Washington, D. C., were on the brief, for petitioners.

Mr. Philip A. Loomis, Jr., Gen. Counsel, S. E. C., with whom Mr. Walter P. North, Associate Gen. Counsel, S. E. C., was on the brief, for respondents. Mr. Ellwood L. Englander, Asst. Gen. Counsel, S. E. C., also entered an appearance for respondents.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and TAMM, Circuit Judges.

**J. SKELLY WRIGHT, Circuit Judge.**

Petitioners seek review of an order of the Securities and Exchange Commission revoking the broker-dealer registration [1] of Gearhart & Otis, Inc., expelling it from membership in the National Association of Securities Dealers,[2] and finding Gearhart and Otis individually to be the cause of the revocation and expulsion. In so doing, the Commission affirmed its Hearing Examiner. We affirm the Commission.

The Commission's findings of fact are not disputed by petitioners. These findings show that Gearhart and Otis, each 50 per cent stockholders of Gearhart & Otis, Inc. acting in their respective capacities as president and vice president of that company, violated various sections of the Securities Act of 1933 [3] and the Securities Exchange Act of 1934 [4] (Exchange Act), as well as the Commission's rules promulgated pursuant thereto, by using a false and misleading offering circular in the sale of common stock [5] of Air America, Inc. and by participating in the sale of unregistered stock [6] of the National Lithium Corporation and the American States Oil Company. In addition, the Commission found that Gearhart willfully violated Section 7 of the Securities Act, 48 STAT. 78, 15 U.S.C. § 77g, by participating in the preparation of a false registration statement for the National Lithium Corporation.

While acquiescing in its findings of fact, petitioners nevertheless attack the Commission's order, both procedurally and on the merits. Procedurally petitioners argue two main points, neither of which was raised before the Commission as required by Section 25(a) of the Exchange Act, 48 STAT. 901, as amended, 15 U.S.C. § 78y(a): First, that the proceedings were unduly delayed before the Commission, and second, that since Commissioner Owens was not a member of the Commission at the time of oral argument to the Commission on the exceptions to the Hearing Examiner's report, he could not participate in the Commission's decision.

**I**

The length of proceedings before administrative agencies, including the Securities and Exchange Commission, has become a matter of major concern to the courts.[7] Because of the length of this particular proceeding, the temptation to weigh the necessity therefor and to assay the prejudice resulting therefrom is very great indeed. But since at no time before the Commission was the issue of delay raised, petitioners are precluded by Section 25(a) of the Exchange Act from raising it now.

Section 25(a), which confers jurisdiction to review the action of the Commission upon the Courts of Appeals, provides in pertinent part: "No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission." This section is a common provision in federal regulatory statutes and is a codification of the exhaus-

---

1. Pursuant to Section 15(b) of the Securities Exchange Act of 1934, 48 STAT. 881, as amended, 15 U.S.C. § 78o(b).

2. Pursuant to Section 15A of the Securities Exchange Act of 1934, 52 STAT. 1070, as amended, 15 U.S.C. § 78o—3.

3. 48 STAT. 74, 15 U.S.C. §§ 77a et seq.

4. 48 STAT. 881, 15 U.S.C. §§ 78a et seq.

5. In violation of 48 STAT. 891, 15 U.S.C. § 78j(b) and 15 U.S.C. § 78o(c) (1), and Rules 10b–5 and 15c1–2 thereunder, 17 C.F.R. §§ 240.10b–5 and 240.15c1–2 (1964).

6. In violation of 48 STAT. 77, as amended, 15 U.S.C. §§ 77e(a) and 77e(c).

7. See Deering Milliken, Inc. v. Johnston, 4 Cir., 295 F.2d 856 (1961); Texaco, Inc. v. F. T. C., 118 U.S.App.D.C. 366, 375, 336 F.2d 754, 763 (1964), judgment vacated, 381 U.S. 739, 85 S.Ct. 1798, 14 L.Ed.2d 714 (1965); F. T. C. v. J. Weingarten, Inc., 5 Cir., 336 F.2d 687, 691 (1964), cert. denied, 380 U.S. 908, 85 S. Ct. 890, 13 L.Ed.2d 796 (1965). Compare Veterans of the Abraham Lincoln Brigade v. S. A. C. B., 380 U.S. 513, 85 S.Ct. 1153, 14 L.Ed.2d 46 (1965).

tion of administrative remedies doctrine.[8] Section 25(a) has been construed by this court to mean what it says.[9] Consequently, since the issue of delay was not raised before the Commission, it may not be considered on review.

## II

The second procedural objection urged by petitioners must also be overruled for failure to raise it before the Commission. It may be true that petitioners were unaware until the decision of the Commission came down that Commissioner Owens would participate therein and, consequently, petitioners before that time had no opportunity to object to his participation. But Rule 21(e) of the Commission's Rules of Practice, 17 C.F.R. § 201.21(e) (1964), specifically provides for the filing of a petition for rehearing before the Commission. Since no effort was made by way of petition for rehearing to challenge the legality of Commissioner Owens' participation in the decision, under Section 25(a) of the Exchange Act this issue may not be considered by this court on petition for review.

We are aware, of course, that Section 10(c) of the Administrative Procedure Act, 60 STAT. 243, 5 U.S.C. § 1009 (c), provides that "agency action otherwise final shall be final" for judicial review whether or not reconsideration is sought. But this language of Section 10(c) is preceded by: "Except as otherwise expressly required by statute." Thus Section 25(a) of the Exchange Act prohibiting court consideration of objections to Commission orders unless first "urged before the Commission" would apply to an objection arising after agency decision since such objection may be the subject of an application for rehearing pursuant to the Commission's rules.[10]

Actually, the Commission's ruling in this case had the unanimous support of a quorum of three Commissioners, any two of whom control decision.[11] Moreover, Commissioner Owens, though not a member of the Commission at the time of oral argument, did read the stenographic transcript thereof and partic-

---

8. See generally, 3 DAVIS, ADMINISTRATIVE LAW § 20.06 (1958). See also United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952):

> " * * * [O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. * * * Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

9. ·Wallach v. Securities & Exchange Commission, 93 U.S.App.D.C. 41, 206 F.2d 486 (1953); Halsted v. Securities & Exchange Commission, 86 U.S.App.D.C. 352, 361–362, 182 F.2d 660, 669–670, cert. denied, 340 U.S. 834, 71 S.Ct. 68, 95 L.Ed. 612 (1950). Cf. R. A. Holman & Co. v. Securities & Exchange Commission, 119 U.S.App.D.C. 253, 339 F.2d 752 (1964);

Securities & Exchange Commission v. R. A. Holman & Co., 116 U.S.App.D.C. 279, 323 F.2d 284, cert. denied, 375 U.S. 943, 84 S.Ct. 350, 11 L.Ed.2d 274 (1963). See also Gilligan, Will & Co. v. Securities & Exchange Com'n, 2 Cir., 267 F.2d 461, 468, cert. denied, 361 U.S. 896, 80 S.Ct. 200, 4 L.Ed.2d 152 (1959), and Lile v. Securities & Exchange Commission, 9 Cir., 324 F.2d 772, 773 (1963).

10. See 3 DAVIS, op.cit. supra Note 8. See also ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT 104 (1947):

> " * * * [I]t would seem that under the common statutory provision that no objection to agency action not urged before the agency shall be considered by the courts, *an application for agency reconsideration remains a prerequisite to obtaining judicial review of such an objection. * * *"* (Emphasis added.)

11. Three members of the five-member Commission constitute a quorum. International Paper and Power Co., 2 S.E.C. 792 (1937), reversed on other grounds, *sub nom.* Lawless v. Securities & Exchange Commission, 1 Cir., 105 F.2d 574 (1939); see Otis & Co., 31 S.E.C. 380 (1950).

ipated in the decision. This participation was in accord with the agreement petitioners' counsel made with the Commission at the beginning of oral argument. At that time Chairman Cary stated: "It is proposed that any Commissioner at the time a decision is rendered in this case who has not disqualified himself may participate therein, with the understanding that if he was not present at this oral argument he will read the transcript of the argument. Is this agreeable to all counsel?" After being assured that no Commissioner would be expected to read the entire record in this case, petitioners' counsel answered, "Yes, your Honor."

■ The decisions of numerous courts [12] and administrative agencies [13] establish that, even without agreement of the parties, a member of an administrative agency who did not hear oral argument may nevertheless participate in the decision where he has the benefit of the record before him.[14] Indeed, with respect to judges assigned to a panel, such is the practice of this court. Since petitioners here actually agreed to the participation of Commissioner Owens, their legal objections thereto are clearly without merit.

## III

■ On the merits, petitioners' principal attack on the Commission's action relates to the Commission's failure to find that petitioners willfully intended to violate the law. This argument derives from the provision of Section 15(b) of the Exchange Act which requires the Commission, after notice and opportunity for hearing, to revoke the registration of a dealer-broker if it finds that such revocation is in the public interest and that the dealer-broker, or any partner, officer or director, "has *willfully* violated any provision of the Securities Act of 1933 [or the Exchange Act], or any rule or regulation under any of such statutes." (Emphasis added.) Thus petitioners argue that specific intent to violate the law is an essential element of the willfulness required to violate Section 15(b).

■ ■ This argument as to the definition of "willfully" under Section 15(b) has been rejected by this court,[15] by the Second Circuit,[16] and by the Commis-

---

12. United Air Lines, Inc. v. C. A. B., 108 U.S.App.D.C. 220, 281 F.2d 53 (1960); Sisto v. Civil Aeronautics Board, 86 U.S.App.D.C. 31, 179 F.2d 47 (1949); Twin City Milk Producers Ass'n v. McNutt, 8 Cir., 122 F.2d 564 (1941); Eastland Co. v. Federal Communications Commission, 67 App.D.C. 316, 92 F.2d 467, cert. denied, 302 U.S. 735, 58 S.Ct. 120, 82 L.Ed. 568 (1937); United States ex rel. Minuto v. Reimer, 2 Cir., 83 F.2d 166 (1936); McGraw Electric Co. v. United States, E.D. Mo., 120 F.Supp. 354, affirmed, 348 U.S. 804, 75 S.Ct. 45, 99 L.Ed. 635 (1954).

13. Southeastern Area Local Service Investigation, 10 Pike & Fischer Admin. Law 2d 353 (C.A.B. 1960); Triad Television Corp. et al., 27 F.C.C. 96, 9 Pike & Fischer Admin. Law 2d 617 (1959); Power Authority of the State of New York, 21 F.P.C. 273, 9 Pike & Fischer Admin. Law 2d 169 (1959); Indianapolis Broadcasting, Inc., et al., 23 F.C.C. 579, 7 Pike & Fischer Admin. Law 2d 601 (1957).

14. The only case which looks in the opposite direction, WIBC, Inc. v. F. C. C.,

104 U.S.App.D.C. 126, 259 F.2d 941, cert. denied, *sub nom.* Crosley Broadcasting Corp. v. WIBC, Inc., 358 U.S. 920, 79 S.Ct. 290, 3 L.Ed.2d 239 (1958), is easily distinguishable on the limited waiver of Commissioner participation there and because the Communications Act, 75 STAT. 422, 47 U.S.C. § 409(b), unlike the Exchange Act, requires oral argument.

15. In Hughes v. Securities and Exchange Commission, 85 U.S.App.D.C. 56, 64, 174 F.2d 969, 977 (1949), this court held that for purposes of Section 15(b) willfulness means "no more than that the person charged with the duty knows what he is doing. It does not mean that, in addition, he must suppose that he is breaking the law." See also Shuck v. Securities and Exchange Commission, 105 U.S.App.D.C. 72, 264 F.2d 358 (1958); Norris & Hirshberg v. Securities & Exchange Com'n, 85 U.S.App.D.C. 268, 177 F.2d 228 (1949).

16. Tager v. Securities & Exchange Com'n, 2 Cir., 344 F.2d 5 (1965); Gilligan, Will & Co. v. Securities and Exchange Com'n, *supra* Note 9. See also 2 LOSS, SECURITIES REGULATION 1310 n. 88 and cases cited therein (2d ed. 1961).

sion.[17] In fact, we are cited to no case wherein it has been accepted, and we have found none. "It has been uniformly held that 'willfully' in this context means intentionally committing the act which constitutes the violation. There is no requirement that the actor also be aware that he is violating one of the Rules or Acts." Tager v. Securities & Exchange Com'n, *supra* Note 16, 344 F.2d at 8. The proof necessary for a violation of Section 15(b) by using a false and misleading offering circular in the sale of common stock is a showing that petitioners sold common stock knowingly using a false and misleading offering circular. The Commission's findings clearly establish that the petitioners did just that. Indeed, petitioners do not even suggest otherwise. In addition, proof of a violation of Section 15(b) by participating in the sale of unregistered stock is complete when it is shown that the petitioners participated in the sale of stock knowing it was unregistered. Again the Commission's findings adequately state the uncontested facts on which its conclusion as to this violation was predicated. No more is required.

We have considered petitioners' additional arguments based upon the alleged failure of the Commission to articulate its findings as to the individual activity of Gearhart and Otis causing the violations in suit and find them to be without merit.[18] We also agree with respondent that the Commission properly found that Gearhart willfully violated Section 7 of the Securities Act, and therefore Section 15(b) of the Exchange Act, by participating in the preparation of a false registration statement for the National Lithium Corporation.

Affirmed.

17. Thompson Ross Securities Co., 6 S.E.C. 1111, 1122–1123 (1940); Van Alstyne, Noel & Co., 22 S.E.C. 176 (1946); The Whitehall Corporation, 38 S.E.C. 259, 270 (1938).

18. See Batten & Co., Inc. v. Securities & Exchange Com'n, 120 U.S.App.D.C. —,

345 F.2d 82, C.C.H. FED.SEC.L.REP. 1961–64 DECISIONS ¶ 91,356 (1964); Barnett v. United States, 8 Cir., 319 F.2d 340 (1963). See also Securities Act Amendments of 1964, Public Law 88–467, 78 STAT. 570, 15 U.S.C. § 78*o*(b) (5) (E).