**MASSACHUSETTS AVENUE HEIGHTS CITIZENS ASSOCIATION, Appellant,**

v.

**EMBASSY CORPORATION.**

No. 24377.

United States Court of Appeals, District of Columbia.

Argued June 24, 1970.

Decided July 16, 1970.

514

Mr. William H. Greer, Jr., Washington, D. C. for appellant.

Mr. Harold Gordon, Washington, D. C., with whom Mr. Raymond R. Dickey, Washington, D. C., was on the opposition, for appellee.

Before LEVENTHAL, ROBINSON and WILKEY,* Circuit Judges, in Chambers.

### ORDER

This cause came on for consideration on appellant's motion for immediate injunctive relief and for summary reversal of the order denying a motion for preliminary injunction, appealed from herein, and the Court heard argument of counsel.

On consideration of the foregoing, it is

Ordered by the Court that appellant's aforesaid motion is denied.

### PER CURIAM:

This dispute arose out of a Zoning Commission hearing and order permitting a change of zoning at a half-acre, four-lot site from R–1–B, one-family detached dwellings, to R–5–C, general residence, and hence sanctioning the construction of a high-rise apartment building at that site. The form of relief presently sought from this court is set forth in a motion for summary reversal of a District Court order denying preliminary injunctive relief. As an alternative to summary reversal appellant seeks injunctive relief pending appeal of the order below. After consideration of this dual motion, after hearing argument of counsel and after review of the cases presented in the supplemental memoranda requested by the Court at oral argument, the Court has concluded that it should deny the relief sought by appellant, an association of residents in the neighborhood, owning one-family homes, who seek to stop the construction of the apartment house being constructed by appellee under the building permit obtained following the change in zoning.

This case cannot be disposed of on the ground of greater irreparable harm to one party than the other. At the present stage of the dispute a dilemma has been created in which one or the other party will in this court's estima-

---

* Circuit Judge Wilkey did not participate in the order and opinion.

tion incur injury whatever course the court resolves to take. If appellee is now enjoined from continuing its construction, the financial burden will be substantial. On the other hand, if appellee is allowed to continue and the structure progresses to advanced stages of construction appellant may well be irreparably injured. Appellee urges that even if the merits of the zoning controversy are resolved adversely to it, it will automatically be entitled to a non-conforming use. Although we do not read any of the cases cited for that proposition to establish such a right,[1] appellee may with the structure substantially built be placed in a strong position to argue for a variance. We say this in view of practical considerations, since we by no means are to be taken as ruling that appellee would be legally entitled to a variance.

■■ The disposition of the matter before us can we think be resolved in terms of our appraisal of the probabilities of success on the merits. The appeal as initially filed showed some strength in appellant's position on the merits in light of the discrepancy between appellee's architectural plans as presented to the Zoning Commission and the plans as per permit. But that issue has been extracted from the case by the concession of counsel, in open court duly authorized by his client, that the original plans will now be more closely followed, and that is equivalent to a stipulation.

■ We are aware that the District Judge in the related case of Allen v. Zoning Commission[2] held the disputed zoning order invalid for lack of attendance at the zoning hearing of the three Commissioners who later voted in favor of the modification in zoning. Yet the significance of this ruling is clouded by the court's statement, which the District Judge in the present action had before him, that it was not to be taken into account in the present action. Further research also indicates that the likelihood of appellant's success in urging this point at an ultimate disposition is slight. Even as to agencies engaged in adjudicatory functions, there is no requirement that each member of the agency personally listen to the evidence so long as he has a transcript available prior to decision. *Compare* Gearhart & Otis, Inc. v. Securities and Exchange Comm'n, 121 U.S.App.D.C. 186, 190, 348 F.2d 798, 802 (1965) and Braniff Airways Inc. v. CAB, 126 U.S.App.D.C. 399, 405–407, 379 F.2d 453, 459–461 (1967). The Zoning Commission's activities are said to be legislative in character. To the extent that this concept plays a role, and we do not stress the point, it certainly does not impair or heighten a burden of listening to the evidence. It may be that other objections to the presently controverted zoning order could be raised but such objections have not been brought to our attention.

In light of this combination of factors we deny the motion for injunctive relief pending appeal and the motion to reverse summarily the denial below of a preliminary injunction.

---

1. Non-conforming use as we understand that term in section 5–419 of the District of Columbia Code refers to the permitted continued use of a structure for a purpose lawful under zoning at the time of the initiation of that use but not so under subsequently adopted changes in zoning.

2. On appeal here the case has been assigned No. 24,351.