Dear Mr. Otto:
This is in response to a request from your predecessor for an official opinion of this office answering the following question:
 "Is there current statutory authority for the appointment of hearing examiners by the State Tax Commission for the purpose of conducting initial investigations and hearings and making advisory recommendations on appeals taken under Section 138.430(2), RSMo 1969?"
There are several Missouri statutes which are pertinent to this question. Section 138.430(2), RSMo 1969, provides as follows:
 "Every owner of real property or tangible personal property and every merchant and manufacturer shall have the right of appeal from the local boards of equalization under rules prescribed by the state tax commission. Said commission shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious."
(Emphasis supplied.)
Section 138.290(1), RSMo Supp. 1975, states:
 "For the purpose of making any investigation, or the performance of other duties with regard to any matters relating to taxation, the commission may appoint by an order in writing an agent, or agents, whose duties shall be prescribed in the order." (Emphasis supplied.)
Clearly, under this statute the State Tax Commission has general authority to appoint agents and prescribe specific duties to be performed, including the conducting of investigations and hearings in ad valorem tax appeals.
More specific authority for the appointment of hearing examiners per se is found in Section 138.310, RSMo 1969. There it is stated:
 "1. The commission may conduct a number of investigations contemporaneously through different agents, and may delegate to an agent the taking of all testimony bearing upon any investigation or hearing.
 "2. The decision of the commission shall be based upon its examination of all testimony and records.
 "3. The recommendations made by such agent shall be advisory only, and shall not preclude the taking of further testimony if the commission orders further investigation." (Emphasis supplied.)
Implied authority for the Commission's appointment of hearing examiners is provided by the statutory language adopted in Sections 138.460 and 138.470, RSMo 1969, which empowers the Commission or its "duly authorized agent or representative" to inspect and, if necessary, correct assessment rolls pursuant to a proper hearing. The hearing and review procedures of these sections have been held applicable to appeals taken under Section138.430(2), RSMo 1969. T. J. Moss Tie Company v. State TaxCommission, 345 S.W.2d 191, 194 (Mo. 1961); Warnecke v. StateTax Commission, 340 S.W.2d 615, 617 (Mo. 1960).
Section 138.300, RSMo 1969, states that an agent of the Tax Commission in discharging his duties, "has all the powers of an inquisitional nature granted in sections 138.190 to 138.490 to the Commission and all powers lawful throughout the state given by law to a notary public relative to depositions."
Thus, it appears that the State Tax Commission has authority to appoint hearing examiners by written order.
CONCLUSION
Therefore, it is the opinion of this office that the State Tax Commission has the statutory authority to appoint hearing examiners for conducting initial investigations and making advisory recommendations in appeals taken under Section 138.430(2), RSMo 1969.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Philip Baker.
Very truly yours,
 JOHN ASHCROFT Attorney General