**Cranford Delano NEWELL, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 85–7676.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1986.

Decided March 20, 1987.

James C. Sargent, Michael J. Maloney, Mark S. Shipow, New York City, for petitioner.

Daniel L. Goelzer, Eric Summergrad, Catherine T. Dixon, Washington, D.C., for respondent.

Before GOODWIN, PREGERSON and HALL, Circuit Judges.

GOODWIN, Circuit Judge:

Cranford D. Newell petitions for reversal of a Securities and Exchange Commission (SEC) Order denying his motion to dissolve or modify a 1982 Bar Order which prevents him from pursuing certain activities. The sole question is whether his petition for review was timely filed under Section 213(a) of the Investment Adviser's Act, 15 U.S.C. § 80b–13(a), or Section 25(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78y(a)(1). It was untimely, and we dismiss for lack of subject matter jurisdiction.

Section 213(a) of the Investment Adviser's Act and Section 25(a)(1) of the Securities Exchange Act of 1934, each provide that a party aggrieved by a final order of the SEC may obtain review of the order in the United States Court of Appeals by filing an action "within sixty days after the entry" of the order.[1]

Newell contends that we should interpret the date of "entry," under the statutory authorities, as a date other than the caption date of the order. This contention has been raised and addressed in two cases.

In *Lile v. SEC,* 324 F.2d 772 (9th Cir. 1963), we reviewed a motion to dismiss, based on 15 U.S.C. § 78y(a), for the untimely filing of a petition for review of a SEC final order. By analogy to the docket of the federal courts, we noted, in dictum, that because the SEC was then under no regulatory obligation to place its final orders in the public domain, the date of "entry" could not fairly be interpreted as the date the order was issued when that order had never been recorded in any public record.

In 1964, in response to the criticisms raised in *Lile,* the SEC amended its rules of practice. The new rule clarified the date of an "entry" of a final order and also affirmatively required prompt placement of the order in the public domain. Amended SEC Rule 22(k), codified at 17 C.F.R. § 201.22(k) (1985), states:

> In computing any period of time involving the date of the entry of an order by the Commission, the date of entry shall be (1) *the date of the adoption of the order by the Commission, as reflected in the capiton of the order....* The order shall be available for inspec-

---

1. Section 213(a) provides:

Any person or party aggrieved by an order ... may obtain a review of such order in the United States court of appeals within any circuit ... by filing in such court, *within sixty days after the entry of such order,* a written petition praying that the order of the Commission be modified or set aside in whole or in part. 15 U.S.C. § 80b–13(a) (emphasis added).

Section 25(a)(1) provides:

A person aggrieved by a final order of the Commission ... may obtain review of the order in the United States Court of Appeals ... by filing in such court, *within sixty days after the entry of the order,* a written petition requesting that the order be modified or set aside in whole or in part. 15 U.S.C. § 78y(a)(1) (emphasis added).

tion by the public from and after the date of entry, unless it is a non-public order. (Emphasis added.)

Rule 22(k) solves the notification problem raised in *Lile* and gives certain meaning to the term "entry." Although SEC procedures may sometimes delay an individual's or the public's access to a final order, certainty cannot be served by an "entry" date interpreted other than as the caption date. To hold otherwise would deny the plain meaning and clear intent of the rule.

*Medical Committee for Human Rights v. SEC,* 432 F.2d 659 (D.C.Cir.1970), *vacated for mootness on other grounds,* 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972), was decided after the amendment to Rule 22(k). The case concerned a petition for review of an SEC order which had been filed sixty-six (66) days after a final order had been issued. The court decided that the petition was timely filed despite the statutory sixty-day limit because the petitioner had first been notified of the result by telephone, and was tardily provided with a written copy of the order only after request.

*Medical Committee* has no direct application here. It cannot be read, as Newell contends, to stand for the proposition that placement of a final order in the public domain or receipt of the order by an aggrieved party is the proper date of "entry" under the statutory authorities. In fact, the court took care to distinguish the case before it from a typical case involving the commencement of the statutory appeal period. The court expressly noted that the caption date "entry" rule of Rule 22(k) represents a compromise between Congress and the SEC which strikes a balance "between the need to have Commission orders operate with finality, and the aggrieved party's need to have both adequate notice ... and sufficient time to prepare his petition." *Medical Committee,* 432 F.2d at 665.

We find support for the view that the correct date of "entry" under the statutes is the caption date by recognizing the need for temporal certainty with respect to the commencement of appeal periods. Fair-ness demands a fixed and certain date of entry and the Rule 22(k) caption date rule provides it. Parties contemplating the filing of a petition from a SEC final order should rely on the date found in the caption of the order. Such timing rules are not unfair. Similar rules govern the commencement of appeal periods for the federal courts. *See* Fed.R.App.P. 4(a) (appeal from district court judgments); 28 U.S.C. § 2101 (appeal from circuit court of appeals judgments).

Appellant filed this petition for review on December 5, 1985, sixty-three (63) days after the issuance of a final order bearing a caption date of October 3, 1985. As a consequence, this petition was untimely filed and we lack subject matter jurisdiction over the action.

We reserve for decision, if it is ever necessary, the question of a prejudicial delay on the part of the SEC in complying with its own Rule 22(k). The sixty-day period in which to seek review after the date of entry allows for normal handling of mail. In this case, the caption date was clear, the time was running and nothing in the record suggests a basis for tolling the time.

Dismissed.

PREGERSON, Circuit Judge, dissenting:

Because I do not agree that the date typed in the caption is necessarily the date of entry under 15 U.S.C. § 80b–13(a) and 15 U.S.C. § 78y(a)(1), I would not find Newell's petition to be untimely and would reach the merits. For this reason, I respectfully dissent.

The statutes instructing that an aggrieved party has sixty days from the date of entry of an SEC order to petition for review of that order do not define the word "entry." "Entry" under the statutes is purportedly defined, however, in 17 C.F.R. § 201.22(k). That regulation states that the date of entry shall be the date reflected in the caption of the order and that the order will be available for inspection from the date of entry.

The problem with the majority's decision is that it upholds the first part of the regulation and ignores the second. Octo-

ber 3, 1985, is the date typed in the caption of the SEC order in question. However, the SEC did not make the order public until October 8. Thus, the SEC did not comply with the second part of the regulation requiring that orders be made public from the date of entry.

Holding Newell to the date typed in the order's caption but not holding the SEC to its obligation to make the order public as of the caption date not only violates the terms of the regulation but also overlooks the message stated in *Lile v. Securities Exchange Commission*, 324 F.2d 772 (9th Cir. 1963). There we declared that the 60–day period should not commence until there has been "notice to all the world." *Id.* at 773. *See Medical Committee for Human Rights v. Securities Exchange Commission*, 432 F.2d 659, 664 (D.C.Cir.1970), *vacated for mootness on other grounds*, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972) (suggesting that the 60–day period does not begin until "written information regarding the basis of the decision was available.").

I suggest that a fairer interpretation of 17 C.F.R. § 201.22(k) would make the caption date the entry date when the order is made public on or before the caption date; otherwise, the entry date should be the date when the order is made public.