**NATIONAL HOSPITAL SERVICE SOC.,
Inc., v. JORDAN.**

No. 8018.

United States Court of Appeals for the
District of Columbia.

Argued April 17, 1942.

Decided May 28, 1942.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellant.

Messrs. Oliver Gasch, Assistant Corporation Counsel, D. C., and Vernon E. West, Principal Assistant Corporation Counsel, D. C., with whom Mr. Richmond B. Keech, Corporation Counsel, D. C., was on the brief, all of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

The District Court dismissed appellant's complaint for a mandatory injunction requiring appellee, the Superintendent of Insurance of the District of Columbia, to renew appellant's permit to do an insurance business as a fraternal beneficial association. The court found that appellant was not qualified under the statute.[1] Appellant does not question that finding, but contends that appellee is estopped to refuse to renew the permit. This argument rests on the proposition that the persons now in control of appellant have invested their time and money in reliance on permits, now expired, which were issued to appellant by appellee's predecessors in office.

No doubt appellee's predecessors acted from the best of motives, but they misunderstood and violated the statute. Appellee should not be required to repeat their illegal acts. The Supreme Court has said: "The petitioner, who was chargeable with knowledge of the prohibition of the statute, may not invoke an estoppel to impose a liability which the statute forbids."[2] Similarly this appellant may not invoke an estoppel to obtain a license which the statute forbids. It has no "legal right" to a license. A fortiori it is not entitled to an injunction. "In its sound discretion, a court of equity may refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest."[3] It would be exceedingly prejudicial to the public interest to permit appellant to carry on an insurance business without the safeguards which the statute requires. The case of District of Columbia v. Cahill,[4] on which appellant relies, involved no such public harm or danger. It involved only the operation of a garage in conflict with a zoning ordinance.

Affirmed.

[1] D.C.Code 1940, §§ 35—901, 35—906, 35—907.

[2] Awotin v. Atlas Exchange Bank, 295 U.S. 209, 213, 55 S.Ct. 674, 676, 79 L. Ed. 1393; Berry v. District of Columbia, 32 App.D.C. 96; Weeks v. Heurich, 40 App.D.C. 46, Ann.Cas.1914A, 972.

[3] United States v. Dern, 289 U.S. 352, 360, 53 S.Ct. 614, 617, 77 L.Ed. 1250.

[4] 60 App.D.C. 342, 54 F.2d 453.