## WALLACH v. SECURITIES AND EXCHANGE COMMISSION.

No. 11295.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 28, 1952.

Decided Feb. 26, 1953.

Rehearing Denied March 26, 1953.

William J. Cogan, pro hac vice, by special leave of Court, with whom Frederick Stohlman, Washington, D. C., was on the brief, for petitioner.

Milton P. Kroll, Assistant General Counsel, Securities and Exchange Commission, Washington, D. C., with whom Louis Loss, Associate General Counsel, Securities and Exchange Commission, Washington, D. C., at the time brief was filed, was on the brief, for respondent. Elizabeth B. A. Rogers, Washington, D. C., also entered an appearance on behalf of the respondent.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Section 15(b) of the Securities and Exchange Act deals with Commission denial or revocation of the registration required of broker-dealers under the Act.[1] Substantially, denial or revocation is authorized only after it has been determined that the registrant or applicant, or anyone subject to his control, has willfully violated the Act at any time. A hearing prior to denial or revocation is specified by § 15(b) with regard to applicants or registrants, but no provision is made therein for compelling "controlled" persons who are not broker-dealers to become parties to the proceedings brought against their principals. The Commission argues, however, that unless "controlled" persons were joined as parties, Commission determinations as to them would not be res judicata in any future pro-

1. 49 Stat. 1378 (1936), 15 U.S.C.A. § 78o (b) provides in pertinent part:

"The Commission shall, after appropriate notice and opportunity for hearing, by order deny registration to or revoke the registration of any broker or dealer if it finds that such denial or revocation is in the public interest and that (1) such broker or dealer whether prior or subsequent to becoming such, or (2) any partner, officer, director, or branch manager of such broker or dealer (or any person occupying a similar status or performing similar functions), or any person directly or indirectly controlling or controlled by such broker or dealer, whether prior or subsequent to becoming such, * * *

(B) has been convicted within ten years preceding the filing of any such application or at any time thereafter of any felony or misdemeanor involving the purchase or sale of any security or arising out of the conduct of the business of a broker or dealer; or (C) is permanently or temporarily enjoined by order, judgment, or decree of any court of competent jurisdiction from engaging in or continuing any conduct or practice in connection with the purchase or sale of any security; or (D) has willfully violated any provision of subchapter I of Chapter 2A of this title [the Securities Act of 1933, as amended], or of this chapter, or of any rule or regulation thereunder. * * *"

ceedings such as, for example, to deny them registration as broker-dealers, or, under § 15A,[2] to exclude them from membership in or employment by a member of a "national securities association" for having been the cause of a denial or revocation order. Because the Commission thought a determination which would be *res judicata* as to "controlled" persons necessary and proper "for carrying out the legislative mandate," it improvised a procedure compelling such persons to participate as parties in proceedings for the denial or revocation of broker-dealer registration. It is that procedure alone which is challenged on this appeal by a non-registered salesman of a broker-dealer.[3]

The Commission insists it is more "orderly and expeditious" to try salesmen for their violations of the Act in revocation proceedings against their employers. Otherwise, the Commission says there looms ahead the bleak prospect of trying each salesman separately at such future time as he may choose, upon issues already litigated and when "the facts are not so readily ascertainable." "The result," we are told, "would be a frustration of the congressional intention."

If the Act provided no means for avoiding these consequences, we might be justified in upholding the Commission determination to follow its improvised practice as one reasonably necessary to avoid "absurd results * * * 'plainly at variance with the policy of the legislation as a whole' ".[4] But since the Act, on its face, contemplates that § 15(b) shall apply only to applicants or registrants, and since Congress specifically provided in § 21 a means for reaching the evil complained of, we think the Commission exceeded its statutory authority in compelling petitioner to become a party. Section 21 authorizes the Commission, *inter alia,* to bring suits in the district courts to enjoin "any person" from engaging "in any acts or practices which constitute or will constitute a violation of the provisions of this title, or of any rule or regulation thereunder * * *"; and to transmit evidence concerning violations of the Act to the Attorney General "who may, in his discretion, institute the necessary criminal proceedings under this title."[5] If any person is convicted or enjoined pursuant to that section, his registration as a broker-dealer may be denied or revoked under the provisions of § 15(b)(2)(B) and (C),[6] respectively. These sections, read together, provide the means for joining in one judicial proceeding—civil or criminal—all parties deemed necessary by the Commission.[7] The de-

---

2. 52 Stat. 1070 (1938), 15 U.S.C.A. § 78*o*–3(b) (4), provides in pertinent part:

"(b) An applicant association shall not be registered as a national securities association unless it appears to the Commission that * * * (4) the rules of the association provide that, except with the approval or at the direction of the Commission in cases in which the Commission finds it appropriate in the public interest so to approve or direct, no broker or dealer shall be admitted to or continued in membership in such association, if (1) such broker or dealer, whether prior or subsequent to becoming such, or (2) any partner, officer, director, or branch manager of such broker or dealer (or any person occupying a similar status or performing similar functions), or any person directly or indirectly controlling or controlled by such broker or dealer, whether prior or subsequent to becoming such, * * * (B) is subject to an order of the Commission denying or revoking his registration pursuant to section 78*o* [15] of this title, * * * or (C) by his conduct while employed by, acting for, or directly or indirectly controlling or controlled by, a broker or dealer, was a cause of any * * * order of the character described in clause * * * (B) which is in effect with respect to such broker or dealer * * *."

3. The Commission's regulations also permit "controlled" persons to intervene voluntarily; that procedure is not in question here.

4. United States v. American Trucking Associations, Inc., 1940, 310 U.S. 534, 543, 60 S.Ct. 1059, 1064, 84 L.Ed. 1345.

5. 48 Stat. 900 (1934), 15 U.S.C.A. § 78u (e).

6. See note 1, supra.

7. The sections do not, of course, permit a similar joinder in proceedings before the Commission itself, for the grant or revocation of a broker-dealer's registration.

terminations in such a proceeding would be *res judicata* in any future proceedings and by statutory direction are made applicable to the denial or revocation of broker-dealer registration under the Act.

The Commission may be able to convince Congress that the improvised administrative procedure is preferable to the judicial procedure now provided by the Act. But until it does, we think the statutory provisions lead to no such absurd result as would warrant the Commission's superimposing its judgment upon that of Congress.[8]

The order under review should be modified to the extent necessary to conform to this opinion, and the cause will be remanded to the Commission for that purpose.

So ordered.

8. It may be, in fact, that the Commission is unduly concerned over the problem of *res judicata*, and that as a practical matter the salesman who fails to take advantage of the opportunity offered by the Commission to intervene voluntarily in proceedings of the present sort, note 3, supra, may later find that he has seriously prejudiced his own interests by his inaction. But we need not reach these questions in deciding the instant case.