## WALLACH v. SECURITIES & EXCHANGE COMMISSION.

## SECURITIES NAT. CORP. v. SECURITIES & EXCHANGE COMMISSION.

### Nos. 11295, 11840.

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1953.

Decided July 7, 1953.

Petition for Rehearing Denied
Aug. 21, 1953.

Messrs. Frederick Stohlman, George H. Beuchert, Jr., Washington, D. C., and William J. Cogan, Belmar, N. J., for petitioners.

Mr. Roger S. Foster, Gen. Counsel, Securities & Exchange Commission, Washington, D. C., for respondents.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

## PER CURIAM.

In our opinion of February 26, 1953, in No. 11295, we held that Wallach, as a non-registered controlled person, could not be compelled to become a party to a license revocation proceeding under Section 15(b) of the Securities Exchange Act of 1934[1] against Henry P. Rosenfeld & Co., the broker-dealer which was then his employer. Wallach v. Securities & Exchange Commission 92 U.S.App.D.C. ——, 202 F.2d 462. Subsequently the Commission instituted revocation proceedings under Section 15 (b) against his present employer, Securities National Corporation, a registered broker-dealer for which he is sales manager.

In its notice of hearing, the Commission stated that it would determine, inter alia, "whether in respect of his conduct while a salesman for Henry P. Rosenfeld & Co., as found by the Commission in said proceedings in respect of Henry P. Rosenfeld Co., Wallach willfully violated Section 17(a) of the Securities Act of 1933 [15 U.S.C.A. § 77q(a)], or Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C.A. § 78j (b) ] and Rule X–10B–5 prescribed by the Commission under said section." In the same notice the Commission stated that "unless otherwise persuaded, the Commission will dispose of this matter on the basis of * * * the entire record adduced before the Commission in the Rosenfeld proceeding except [certain testimony not relating to Wallach] * * *." The Commission also offered Wallach an opportunity to become a party to the proceeding and stated that it would consider any evidence brought forward by the Commission, by Securities National, or by Wallach. Wallach refused to become a party.

A hearing was held in which the record in the prior proceeding against Rosenfeld was incorporated. At no time in the instant proceeding did Securities National offer any evidence whatever with respect to the conduct of Wallach described in the Rosenfeld proceeding, or make any objection to the incorporation in the later proceeding of the record in the earlier proceeding relative to Wallach. The position taken by Securities National was simply that the penalty of revoking its registration was too severe: that the most the Commission should do was to express the view that Wallach should be discharged, in which event discharge would follow.[2] After the hearing the Commission entered an order on May 29, 1953, revoking the registration of Securities National Corporation.

Securities National has filed a petition for review of that order (No. 11840 in this court), and a motion to stay the order pending our determination. The Commission opposes the stay and seeks dismissal of the petition. In that petition, Securities National relies on the contention that "The sole and entire reason for the action of the respondent was its alleged right to punish Samson Wallach, Sr., and through him, the innocent petitioner, by the use of the findings of fact it made against Wallach in the proceeding, 'In the Matter of Henry P. Rosenfeld,' which this Court has found to be without legal warrant." We cannot consider this objection since it was not raised or urged before the Commission.[3] The petition must therefore be dismissed, and the motion for a stay denied.

In No. 11295, Wallach has filed with us a paper entitled:

1. 48 Stat. 895, 15 U.S.C.A. § 78o(b).

2. Counsel for Securities National said, at the opening stage of the hearing: "My position as counsel for Securities National Corporation is that that corporation is not in position to offer any evidence of any type or nature in opposition to any evidence the Commission has in its record concerning Samson Wallach. Its position is only that it has some concern for its own existence and its only position

is that it wishes to avoid any revocation or any suspension, and if the Commission arrives at a point where it becomes conclusive that they must either discharge Mr. Wallach or be suspended or revoked, they will then decide to discharge Mr. Wallach."

3. See Section 25(a) of the Securities Exchange Act of 1934, 48 Stat. 901, 15 U.S. C.A. § 78y(a).

"Motion for leave to file petition for an order vacating the order of the respondent, dated May 29, 1953, revoking the registration of Securities National Corporation as well as the alleged findings of fact with respect to petitioner as set forth in the findings and opinion of the Commission; and further vacating the alleged findings of fact set forth in the findings and opinion of the Commission In the Matter of Henry P. Rosenfeld, all in conformity with the opinion of this court and its order dated February 26, 1953, as amended by order dated April 1, 1953; and for an order staying the Commission from in any manner proceeding with the enforcement of the said order dated May 29, 1953, pending hearing and adjudication hereon."

The petition submitted with the motion attaches an affidavit of Mr. Wallach in which he alleges that the Commission's findings and opinion and its order of May 29 are in direct violation of the opinion and orders of this court.

The statute conferring jurisdiction upon this court requires that a petitioner seeking review of an order of the Securities & Exchange Commission be a party to the proceeding before the Commission of which review is sought.[4]  Mr. Wallach declined to become a party and cannot now invoke the reviewing jurisdiction of this court.[5] The statutory requirement cannot be evaded by entitling the motion as one in the Rosenfeld case (No. 11295 in this court). The Commission action of which he now complains did not take place in that proceeding. No further steps have been taken against him there. The relief sought must therefore be denied.

In view of this disposition of the case, it is unnecessary for us to review the other contentions of the parties.

So ordered.

4.  See Section 25(a), cited supra note 3.

5.  In the proceeding against Rosenfeld, Mr. Wallach was made a party before the Commission against his will.  As a party to that proceeding, we permitted him to

petition us for review in No. 11295.  That action on our part is *not precedent* which would justify us in taking jurisdiction in the instant case since Mr. Wallach has at no time been a party to the Securities National proceeding.