**Louis D. FRIEDMAN, Plaintiff,**

v.

**The SECURITIES AND EXCHANGE COMMISSION and Paul Windels, Jr., as Regional Administrator of the Securities and Exchange Commission for New York, Defendants.**

United States District Court
S. D. New York.

Nov. 5, 1956.

---

Forsythe, McGovern & Fetzer, New York City, Burton L. Knapp, New York City, of counsel, for plaintiff.

Thomas G. Meeker, Gen. Counsel, Arden L. Andresen, Asst. Gen. Counsel, Securities & Exchange Comm., Washington, D. C., Paul Windels, Jr., Regional Administrator, Brooklyn, N. Y., William D. Moran, Asst. Regional Administrator, Esther Antell, Atty., Securities & Exchange Comm., New York City, for defendants.

McGOHEY, District Judge.

This is a suit for a declaratory judgment and a permanent injunction against the Securities and Exchange Commission. The plaintiff has moved by order to show cause to enjoin the Commission, pending determination of the suit, from

proceeding with certain hearings or, in the alternative, from making, on the basis of the hearings, determinations and findings concerning the plaintiff.

The Commission makes a point that venue is improperly laid in this district because the Commission, which it is contended is an indispensable party, is officially located in the District of Columbia. I am far from sure that the point is sound in light of the decisions of the Supreme Court in Williams v. Fanning [1] and Pedreiro v. Shaughnessy.[2] However limited the authority may be of the defendant Regional Administrator Windels, it appears that he is the official who would supervise and carry out the action which the plaintiff seeks to restrain. The venue, as to Windels, is not challenged and, for all that now appears, it may be that if an injunction were issued against him the controversy would be at an end. However since, for reasons which will appear, I think the plaintiff's present motion must be denied on the merits, it seems unwise to decide the venue question on the papers now before me. It is not greatly stressed in the Commission's memorandum, nor was it on argument. And it is not even mentioned in the plaintiff's memorandum. Moreover, the Commission's Assistant General Counsel, in his affidavit in opposition to the motion, states that "The Commission expects to move in due course to dismiss the complaint." Decision on venue should await that motion, at which time the point can be fully argued and discussed in the briefs.

The plaintiff is the President and a Director and stockholder of L. D. Friedman & Co., Inc., a New York corporation which is registered with the Commission as a broker-dealer in securities. Section 15(b) of the Securities Exchange Act of 1934 authorizes the Commission to initiate proceedings leading to the revocation of a registration if it finds that the registrant or persons controlling or controlled by it have committed certain acts and that revocation is in the public interest.[3]

On August 15, 1956, the Commission made its order instituting proceedings and setting a date for hearings at which evidence would be heard to determine whether a further order should issue revoking the registration of L. D. Friedman & Co., Inc. The grounds, as set forth in the Commission's initial order, are that the corporate registrant, by means of acts performed by the plaintiff and one Raymond, the registrant's Vice-President, Treasurer and Director, has violated the statute. The plaintiff received a copy of the Commission's order of August 15, together with the Commission's letter of even date, setting forth, in part, the following: "Please take notice that the enclosed order in the Matter of L. D. Friedman & Co., Inc., involves, among other things, a question whether the Commission should determine that you have wilfully violated certain provisions of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and the Securities Act of 1933, 15 U.S.C.A. § 77a et seq. Your attention is directed to the fact that the findings of the Commission herein may be binding on you in future proceedings under the Act, as well as in the present proceedings.

"Rule X–15B–9 [4] under the Securities Exchange Act provides that an individual in your position 'shall be entitled to participate as a party.'"

In Wallach v. Securities and Exchange Commission [5] the Court of Appeals for the District of Columbia held that since the Commission lacked express statutory authority to do so, it could not make one not a registrant, a party to a revocation proceeding against his registered employer based on the employee's acts which contravened the statute. The

---

1. 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95.

2. 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

3. Securities Exchange Act of 1934, as amended to Aug. 10, 1954, § 15(b) (A) to (D), 15 U.S.C.A. § 78o(b) (A–D).

4. 17 C.F.R. § 240.15b–9.

5. 92 U.S.App.D.C. 108, 202 F.2d 462, 463.

Commission had urged that in order to avoid " 'frustration of the congressional intention' " expressed in the Act, the Commission was required to make non-registrants parties to revocation proceedings and hence its authority to do so was implied. The court rejected this contention noting that in Sec. 21 of the Act Congress had provided means for the Commission to deal with non-registered violators of the Act. Friedman's basic contention is that the Commission is now attempting through the device of its Rule X–15B–9, adopted in 1955, to accomplish indirectly what it is not authorized to do directly, namely, compel him to become a party, and thus make any findings relating to him which may be made in the pending proceedings binding on him in possible future proceedings against any registrant with whom he may choose "to pursue his livelihood." Furthermore, he argues that only injunctive relief now will suffice to protect him because under Sec. 25(a) of the Act only a "party to the proceeding" may petition for review of an order of revocation.[6]

There can be no doubt that the Commission has the authority and indeed the duty to inquire into the activities of the corporate registrant and if the facts developed at the hearings warrant, to revoke its registration—Friedman indeed does not contend otherwise—and so there is no possible ground for enjoining the Commission from holding the proposed hearings. Since the charge is that Friedman, the registrant's President, committed on its behalf acts which are alleged to contravene the statute, the Commission necessarily will have to hear testimony and make findings relating to Friedman. This circumstance, however, furnishes no ground for interlocutory judicial interference with the usual investigative processes which form the basis of the Commission's administrative action. The latter, of course, is subject to judicial review in the manner noted, but only by a United States Court of Appeals. Whether and to what extent such findings as the Commission may make in the pending hearings will be "binding" on Friedman in some possible future proceeding against another registrant cannot be determined at this time and on this record. Accordingly, there is no need now to pass on the propriety or effect of Rule X–15B–9. It is sufficient now to note that it does not compel Friedman to become a party to the pending proceeding.

The motion is denied.

Settle order.

---

6. Wallach v. Securites & Exchange Commission, 93 U.S.App.D.C. 41, 206 F.2d 486.