**M. G. DAVIS & CO., Inc., Lawrence Levine, Walter Wax and Morris Kopel, Plaintiffs,**

**v.**

**Manuel F. COHEN, as Chairman, Bryan D. Woodside, Hugh F. Owens, Hamer H. Budge and Francis M. Wheat, as members and Commissioners of the Securities and Exchange Commission, Defendants.**

**66 Civ. 799.**

United States District Court
S. D. New York.
June 24, 1966.

Kreutzer, Heller, Selman & Galt, New York City, for plaintiffs; Irving Galt, Arnold I. Burns, Erwin Cherovsky, New York City, of counsel.

Philip A. Loomis, Jr., Gen. Counsel, Ellwood L. Englander, Asst. Gen. Counsel, Richard E. Nathan, Atty., for Securities and Exchange Commission; Joseph C. Daley, Chief Enforcement Atty., Securities and Exchange Commission, of counsel.

FREDERICK van PELT BRYAN, District Judge:

This is an action pursuant to 28 U.S.C. §§ 1361 and 2201 for a declaratory judgment and relief in the nature of mandamus. Plaintiffs are presently respondents in two administrative proceedings now pending before the Securities and Exchange Commission. They have moved in this court for a preliminary injunction restraining the members of the S.E.C. from conducting these proceedings. Rule 65, F.R.Civ.P. Defendants have cross-moved for a summary judgment dismissing the complaint. Rule 56, F.R.Civ.P.

Plaintiff M. G. Davis & Co., Inc. (Davis & Co.) is a New York corporation with its principal place of business in that state. Plaintiffs Levine and Wax are officers and since May 1, 1964 have been the sole stockholders of Davis & Co. Plaintiff Kopel formerly was employed as a salesman by Davis. The five individuals named as defendants are the present commissioners of the S.E.C.

## FACTS

On March 18, 1961, Davis & Co. registered with the Commission as a broker and dealer in securities. 15 U.S.C. § 78o(b). In November 1963 the staff of the Commission commenced an investigation pursuant to § 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(a), to determine whether there had been violations of the securities acts by persons associated with Davis & Co. On May 4, 1964, however, the Commission received a letter from Davis & Co. giving notice of its withdrawal from registration as a broker-dealer. 15 U.S.C. § 78o(b). Under Commission Rule 15b–6 [1] this notice would have become automatically effective within 30 days unless the S.E.C. initiated a proceeding to revoke or suspend registration. Accordingly, on June 2 the Commission issued an order instituting a "private" proceeding against Davis & Co. to determine whether "remedial action" would be "appropriate in the public interest pursuant to Section 15(b) and 15A of the Exchange Act." 15 U.S.C. § 78o(b), 78o–3. On June 3 the Secretary of the Commission sent a telegram to Davis & Co., Wax, and a third party Rosenberg who is not a party here, notifying them of the commencement of the proceeding. On the following day copies of the order were sent by registered mail to the three respondents.

On June 22 Davis & Co. filed an answer generally denying the allegations of the order and asserting that it was entitled to have "its application for with-

---

1. 17 C.F.R. § 240.15b–6 reads as follows:
   "If a notice to withdraw from registration is filed by a broker or dealer pursuant to section 15(b), it shall become effective on the 30th day after the filing thereof with the Commission, unless prior to its effective date the Commission institutes a proceeding pursuant to section 15(b) to revoke or suspend the registration of such broker or dealer or to impose terms and conditions upon such withdrawal. If the Commission institutes such a proceeding, or if a notice to with-

draw from registration is filed with the Commission at any time subsequent to the date of the issuance of a Commission order instituting proceedings pursuant to section 15(b) to revoke or suspend the registration of the broker or dealer filing such notice, and during the pendency of such a proceeding, the notice to withdraw shall not become effective except at such time and upon such terms and conditions as the Commission deems necessary or appropriate in the public interest or for the protection of investors."

drawal of registration granted forthwith." In the following two years the only step taken by the Commission in pursuit of the private proceeding has been to appoint a hearing examiner charged with general responsibility for ruling on pre-trial matters.

On August 4, 1965, as a result of further investigation the Commission by order also initiated a "public" proceeding against plaintiffs and others. The matters complained of in the order initiating this second proceeding involve additional parties and different facts than those in the private proceeding. On August 18, 1965, Davis & Co., Wax and Levine filed their respective answers. Kopel filed his answer on the 23rd. These four are the plaintiffs in the present action.

On January 10, 1966, plaintiffs commenced an action in this court against the Commission without naming its members individually. They sought to enjoin it from continuing the public proceeding and to obtain an order dismissing the private proceeding. Upon motion of the Commission Judge Levet on March 4 dismissed the complaint without prejudice on the ground that the agency as such was immune from suit.

On March 21 the plaintiffs instituted the instant action against the individual Commissioners of the S.E.C. The complaint seeks a declaration that the withdrawal of Davis & Co. as a registered broker-dealer became unconditionally effective on June 3, 1964, and that therefore the S.E.C. is without authority to

continue prosecution of the private proceeding. It also seeks a permanent injunction restraining the members of the Commission from continuing the public proceeding. The motions before me were argued on June 7.

*I.*

As is conceded, preliminary determinations by the S.E.C. will ordinarily be reviewable in the courts of appeal only when they have become the basis of a "final" order. 5 U.S.C. § 1009(c); 15 U.S.C. § 78y. On the other hand, a district court under its general federal question equity jurisdiction, 28 U.S.C. § 1331, is empowered to correct agency conduct "in excess of its delegated powers and contrary to a specific prohibition of the Act." Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958). See also 28 U.S.C. §§ 1337, 1361. The test to be applied in determining whether this "narrow" exception to the customary avenues of review may be invoked, see Boire v. Greyhound Corp., 376 U.S. 473, 481, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), is "whether the Commission has stepped plainly beyond the bounds of its statutory authority, or has acted in clear defiance of [plaintiffs'] constitutional rights to [their] irreparable damage." [2] Accordingly, the courts have shown "extreme circumspection" when a party seeks injunctive interference with preliminary agency decisions. Local 130, Intern. Union of Electrical, etc., Workers v. McCulloch, 345 F.2d 90, 96 (D.C.Cir. 1965). Thus, the only serious [3] issue pre-

2. Sperry & Hutchinson Co. v. Federal Trade Comm'n, 256 F.Supp. 136, 141 (S.D.N.Y. June 14, 1966), citing Local 130, Intern. Union of Electrical, etc., Workers v. McCulloch, 345 F.2d 90 (D.C. Cir. 1965) (McGowan, J.); Long Island Rd. v. United States, 193 F.Supp. 795 (E.D.N.Y.1961) (Friendly, J.). See also Leedom v. Intern. Broth. of Electrical Workers, Local Union No. 108, 107 U.S. App.D.C. 357, 278 F.2d 237 (1959).

3. The sovereign immunity argument which has been strenuously urged by the Commission here has been decisively rejected by the Court of Appeals in Toilet Goods Ass'n v. Gardner, 360 F.2d 677, 683 n. 6 (2 Cir. April 13, 1966):

"We need not discuss in the text the surprising contention that an action for a declaration that federal regulatory officers have acted in excess of their authority constitutes an unconsented suit against the United States. The contrary is clearly established by Philadelphia Co. v. Stimson, 223 U.S. 605, 619–620, 32 S.Ct. 340, 56 L.Ed. 570 (1912), see Stark v. Wickard, 321 U.S. 288, 290, 64 S.Ct. 559, 88 L.Ed. 733 (1944), and indeed follows inevitably from Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); law officers of the Government ought not to take the time of busy judges or of opposing parties by advancing an argument so plainly foreclosed by Supreme Court decisions."

sented in this case is whether the S.E.C. exceeded its statutory authority and threatened plaintiffs with irreparable damage by initiating the two administrative proceedings complained of here.

Plaintiffs' argument takes this course: the private proceeding against Davis & Co. was not initiated within the 30-day period prescribed by Commission Rule 15b–6; in any event, the proceeding was not of the kind contemplated by the Rule and did not relate to any conduct on the part of Davis & Co. itself; accordingly, this private proceeding could not operate to suspend Davis & Co.'s withdrawal as a registered broker-dealer; for this reason the public proceeding instituted more than a year later must also fall.

The argument, however, is hyper-technical and based on a false premise.

## II. Davis & Co.

■ First, the private proceeding against Davis & Co. was timely commenced. The notice of withdrawal was not deemed filed until it was received by the Commission on May 4, 1964. 17 C.F. R. § 240.0–3. Twenty-nine days later, on June 2, the Commission instituted the private proceeding by issuing a proper order.[4] Compare Rule 3, F.R.Civ.P. And Rule 15b–6 of the Commission indicates that "issuance of a Commission order instituting proceedings" operates to suspend the effective date of the notice of withdrawal.

■ I cannot agree with plaintiffs' contention that the proceeding was untimely because Davis & Co. received no notice until June 4. Rule 6 of the Commission's Rules, 17 C.F.R. § 201.6, upon which plaintiffs place primary reliance, provides simply that "whenever an order for proceeding is issued by the Commission, appropriate notice thereof shall be given" to all interested persons.[5] Notice within two days is plainly "appropriate" within the meaning of this provision.

■■ Second, under the terms of order it cannot be said that the private proceeding was not designed "to revoke or suspend the registration of [the] broker or dealer" within the meaning of Rule 15b–6. The order stated generally that its purpose was to determine "what, if any, remedial action is appropriate in the public interest pursuant to Section 15(b) and 15A of the Exchange Act." The only "remedial action" which the Commission could have then taken against a registered broker-dealer under those provisions was to revoke its registration or suspend its membership in a national association of securities dealers. See 15 U.S.C. §§ 78o, 78o–3 (1958). In addition, the order alleged unlawful acts of individual wrongdoers which, if proven, would be the basis of revocation of registration pursuant to Section 15(b).[6]

4. In the Matter of M. G. Davis & Co., Inc., File No. 8–9237.

5. This rule reads as follows:

"(a) Notice of proceedings; order for proceedings. Whenever an order for proceeding is issued by the Commission, appropriate notice thereof shall be given by the Secretary or other duly designated officer of the Commission to each party to the proceeding and any other person entitled to notice or to the person designated by any such party or person as being authorized to receive on his behalf notices issued by the Commission. The parties or persons entitled to notice shall be timely informed of the time, place and nature of any hearing and the legal authority and jurisdiction under which the hearing is to be held, and furnished a short and simple statement of the mat-

ters of fact and law to be considered and determined. In proceedings in which an answer is directed pursuant to § 201.7, the order for proceeding shall set forth the action proposed and the factual and legal basis alleged therefor in such detail as will permit a specific response thereto."

6. Plaintiffs' argument that Davis & Co.'s revocation could not be premised upon "conduct of its employees while associated with a former employer," Brief for Plaintiff, p. 12, is quite wide of the mark. Section 15(b), 15 U.S.C. § 78o(b), at the time of the institution of the private proceeding, provided in pertinent part: "The Commission shall * * * by order * * * revoke the registration of any broker or dealer if it finds that * * * *any person directly or indirect-*

Thus there is nothing before this court indicating that the order is improper in any respect. Much less has there been a showing of a patently excessive exercise of authority on the part of the agency, which would justify judicial interference at this interlocutory stage.

Accordingly, I hold that the commencement of the private proceeding within the 30 days prescribed by Rule 15b–6 effectively operated to suspend the Davis & Co. notice of withdrawal from registration. Therefore under the broad mandate of the rule "the notice to withdraw [does] not become effective except at such time and upon such terms and conditions as the Commission deems necessary or appropriate in the public interest or for the protection of investors." Since Davis & Co. remained registered, the initiation of the public proceeding appears to be a "necessary and appropriate" measure for determining the "terms and conditions" governing the notice of withdrawal.[7]

Plaintiffs' broad-based attack upon several facets of the Commission's orders initiating the two proceedings does not meet the issues before this court. The inquiry here is confined to determining whether the S.E.C. has,

"stepped so plainly beyond the bounds of the Act, or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court even before the [Commission's] own processes have run their course. Infirmities short of this may or may not exist in the [Commission's] order here under attack, but that question is not now before us * * *. Our inquiry * * * touches only tangentially upon the merits of the order as those merits would be appraised in a statutory review proceeding. We are not now functioning as a Court of Appeals reviewing [Commission] orders in the manner provided by Congress." Local 130, Intern. Union of Electrical, Etc., Workers v. McCulloch, supra, 345 F.2d at 95.

*III. Individual plaintiffs.*

There is no question that the literal terms of § 15(b) (7) of the Securities Exchange Act, 15 U.S.C. § 78o(b) (7), authorize the institution of the public proceeding against the individual respondents (plaintiffs here). The statute provides in pertinent part that

"The Commission may, after appropriate notice and opportunity for hearing, by order censure *any person,* or bar or suspend for a period not exceeding twelve months *any person* from being associated with a broker or dealer, if the Commission finds that such censure, barring, or suspension is in the public interest and that such person has committed or omitted any act or omission enumerated in clause (A), (D) or (E) of paragraph (5) of this subsection or has been convicted of any offense specified in clause (B) of said paragraph (5) within ten years of the commencement of the proceedings under this paragraph or is enjoined from any action, conduct, or practice specified in clause (C) of said paragraph (5)." (Emphasis added.)

*ly controlling or controlled by such broker or dealer, whether prior or subsequent to becoming such * * * * (D)* has willfully violated any provision of the Securities Act of 1933, or of this chapter, or of any rule or regulation thereunder." (Emphasis added.)
Comparable provisions are now found in § 15(b) (5), 15 U.S.C. § 78o(b) (5).

**7.** Plaintiffs' unarticulated assumption in this action is that the S.E.C. has unduly delayed its decision with respect to Davis & Co.'s withdrawal from registration.

Even if this were so, however, any complaint that the agency has not proceeded with "reasonable dispatch" must first be made to the Commission. See Gearhart & Otis, Inc. v. Securities and Exchange Commission, 348 F.2d 798, 800–801 (D.C. Cir. 1965). If a party to an administrative proceeding is still unable to obtain relief from a dilatory agency his remedy is to seek a court order to expedite the proceeding, not to have it terminated. See Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4 Cir. 1961); 5 U.S.C. § 1009(e).

The order initiating the public proceeding alleges that the respondents violated the provisions "enumerated" in clauses (D) and (E).

■ However, plaintiffs maintain that since the statute was passed in August 1964, and the allegations relate to occurrences in 1963, any retroactive application of the new provision would be manifestly contrary to congressional intent.

The position is without merit. Prior to the 1964 amendment to the Exchange Act the Commission, when proceeding in disciplinary actions against registered broker-dealers, did not have the statutory authority to compel the joinder of non-registered salesmen employed by the respondents. Wallach v. Securities & Exchange Comm'n, 92 U.S.App.D.C. 108, 202 F.2d 462 (1963). All such parties could be compulsorily joined only in a suit in the district court. Ibid.[8] This procedural handicap was eliminated by the 1964 amendment. As was said in the Report of the Senate Committee on Banking and Currency to Accompany S. 1642, S.Rep. No. 379, 88th Cong., 1st Sess. 78 (1963):

> "This new provision would authorize the Commission to proceed directly against a person and to censure or bar (or suspend for a period not to exceed 12 months) the right of such person to be associated with a broker or dealer, *if such person is subject to an injunction or conviction or has committed any act or omission which would be a basis for revocation or denial if such person were a broker or dealer,* and if the Commission finds it in the public interest so to act * * *." (Emphasis added.)

That is the clear thrust of the legislative history before the House as well. 1964 U.S.Code Cong. & Admin.News, pp. 3013, 3035 (House Rep. No. 1418).

The Commission's invocation of this statute against the individuals suing here as plaintiffs is by no means plainly contrary to the directives of Congress. On its face the amendment condemns past violations of the individual salesmen. The Commission may order suspension or censure if it finds "that such person *has committed or omitted* any act or omission enumerated in clause * * * (D) or (E) of paragraph (5)." (Emphasis added.)[9] Moreover, § 15(b) (7) does not impose any substantial new obligations on the unregistered salesmen. The acts or omissions "enumerated in clause * * * (D) or (E) of paragraph (5)" embrace sundry securities violations which have been proscribed by law for several decades. The amendment simply provides the Commission with a procedural device for accomplishing the same enforcement objectives which could formerly be achieved only circuitously.

For example, since 1936 the Commission has had authority to revoke or deny a broker-dealer registration on the basis of acts or omissions of a person associated with that broker-dealer. 15 U.S.C. § 78o. After such a finding, the Commission is empowered to revoke the registration of any other broker-dealer who thereafter employed this person. This is precisely what happened to the plaintiff in Wallach. Compare Wallach v. Securities & Exchange Comm'n, 93 U.S. App.D.C. 41, 206 F.2d 486 (1953) (per curiam). This effective, if cumbersome, device for excluding wrong-doers from the securities field has simply been im-

---

**8.** The Commission, however, permitted voluntary intervention by salesmen in proceedings against registered broker-dealers; and as a practical matter a salesman who failed to take advantage of this opportunity might have "seriously prejudiced his own interests." 202 F.2d at 464 n. 8.

**9.** Plaintiffs maintain that since this section also specifically authorizes the suspension

of a person who "has been convicted of any offense * * * *within ten years of the commencement of the proceedings*" (emphasis added), a Congressional purpose eschewing retroactivity with respect to the other specified derelictions can be ascertained. But this "ten year" provision may just as well be read as a specific limitation on the otherwise absolutely retroactive directives.

proved by the 1964 amendment authorizing the institution of disciplinary proceedings directly against salesmen.

Moreover, requiring application of the statute only *in futuro* would delay effective action for many years. See Leedom v. Intern. Broth. of Electrical Workers, Local Union No. 108, 107 U.S.App.D.C. 357, 278 F.2d 237 (1960). Dual administration under both the new and old procedure—requiring a distinction between past violators of the securities laws and more recent delinquents—would also burden the agency with an "administrative monstrosity." Id. at 242.

Add to this the fact that individual salesmen are likely to be benefitted by the revised procedure,[10] and I find no occasion for injunctive relief at this stage. Even if the individuals named as respondents in the public proceeding were injuriously affected by the 1964 legislation giving the Commission new authority to institute disciplinary proceedings directly against the salesmen, application of the law would not appear to impair basic rights. As was said in Flemming v. Nestor, 363 U.S. 603, 614, 80 S.Ct. 1367, 1374, 4 L.Ed.2d 1435 (1960):

> "The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation, such as the proper qualifications for a profession," quoting De Veau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960).

Thus even if this statute could be deemed to penalize the individual plaintiffs here in their professional lives for past conduct the provision would, in all likelihood, constitute a proper and "relevant incident to a regulation of a present situation." That is to say, salesmen who have committed securities violations in the past could with justification be excluded or suspended from a profession demanding the utmost in probity from its members. See Hawker v. People of State of New York, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898). See also Cases v. United States, 131 F.2d 916 (1 Cir. 1942), cert. den. sub nom. Velaquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943).

Thus I find no occasion here for concluding that the Commission's institution of the two proceedings sought to be enjoined was contrary to clear legislative directives. This is not a case where there has been "an attempted exercise of power that had been specifically withheld." Leedom v. Kyne, supra, 358 U.S. 184 at 189, 79 S.Ct. 180 at 184, 3 L.Ed.2d 210. Like so many other "preliminary, procedural, or intermediate agency action[s]" review here may ultimately be had only "upon the review of the final agency action." 5 U.S.C. § 1009(c); see Stardust, Inc. v. Securities & Exchange Comm'n, 225 F.2d 255 (9 Cir. 1955); Eastern Utilities Assoc. v. Securities & Exchange Comm'n, 162 F.2d 385 (1 Cir. 1947) (per curiam); Resources Corp. Int'l v. Securities & Exchange Comm'n, 97 F.2d 788 (7 Cir. 1938); Jones v. Securities & Exchange Comm'n, 79 F.2d 617 (2 Cir. 1935), cert. den. 297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993 (1936).

Plaintiffs have made no case for departing from normal administrative channels, including ultimate review in the court of appeals. This procedure affords them adequate remedy. Whatever onus may attach to plaintiffs as a result of the pendency of the S.E.C. proceedings—which is the only "injury" claimed here—can best be eliminated by pressing for full vindication in defense of the administrative proceedings.

Accordingly, defendants' motion for summary judgment dismissing the complaint is granted—whether for want of subject matter jurisdiction or for failure to state a claim upon which relief can be granted is of no great consequence. E. G., Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). It follows that

---

10. See note 8, supra.

plaintiffs' motion for a preliminary injunction is in all respects denied.

Judgment will be entered accordingly.

The foregoing opinion constitutes my findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ.P.

It is so ordered.