Howard James **HANSEN**, d/b/a **H. J. Hansen and Company**, and Howard J. Hansen, Individually, Petitioners,

v.

**SECURITIES AND EXCHANGE COMMISSION**, Respondent.

No. 21282.

United States Court of Appeals District of Columbia Circuit.

Argued April 10, 1968.

Decided April 30, 1968.

Petition for Rehearing Denied June 5, 1968.

Certiorari Denied Oct. 14, 1968.

See 89 S.Ct. 134.

Mr. Mark P. Friedlander, Washington, D. C., for petitioners.

Mr. Edward B. Wagner, Asst. Gen. Counsel, Securities and Exchange Commission, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. Philip A. Loomis, General Counsel, David Ferber, Solicitor, and William R. Schief, Atty., Securities and Exchange Commission, were on the brief, for respondent.

Before WILBUR K. MILLER, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

Petitioner Hansen asks review of a Securities and Exchange Commission order[1] which denied his application for registration as a securities broker and found petitioner responsible, in part, for the revocation of the registration of Atlantic Equities Company. The only question raised on this appeal is whether the testimonial record of a prior proceeding[2] against Atlantic, involving the same stock fraud on which the Commission's order against petitioner was based, was properly admitted into evidence in this proceeding. Since the witnesses who testified in the prior proceeding were

---

**3.** 16 D.C.Code § 2701.

**1.** The Commission's order was issued pursuant to § 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(b) (1964 ed.).

**2.** Petitioner was notified in the prior proceeding that, as an associate of Atlantic,

under Commission Rule 9(b) he had a right to participate. 17 C.F.R. §. 201.-9(b) (Supp.1968). He declined. See Wallach v. Securities and Exchange Commission, 92 U.S.App.D.C. 108, 202 F.2d 462 (1953).

made available to petitioner for cross-examination, we find no error.[3]

The rules applicable to conventional judicial proceedings are not necessarily applicable to administrative proceedings. In a matter such as this one, involving charges of fraud and manipulation in the issuance of stock, with a lengthy record, it was within the Commission's discretion to receive the transcribed testimony, while still comporting with fairness to petitioner by offering the opportunity to cross-examine any witness whose transcribed testimony was so received.

Affirmed.

---

3. *See* A.L.I., MODEL CODE OF EVIDENCE, Rule 503 (1942); 5 J. WIGMORE, EVIDENCE §§ 1362, 1365, 1395 (3d ed. 1940). *See also* Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705–706, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); Freight Consolidators Cooperative, Inc. v. United States, S.D.N.Y., 230 F.Supp. 692, 699 (1964); Garner v. Pennsylvania Public Utility Commission, 177 Pa.Super. 439, 110 A.2d 907 (1955).