JOHN D. NEUMANN PROPERTIES, INC.,
a Body Corporate, Petitioner,

v.

DISTRICT OF COLUMBIA, BOARD OF
APPEALS AND REVIEW, Respondent.

No. 5248.

District of Columbia Court of Appeals.

Argued June 22, 1970.

Decided Aug. 3, 1970.

———◆———

A. Slater Clarke, Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Petitioner seeks review of a denial of a license to operate a multiple-dwelling structure as an apartment house. We affirm.

Petitioner previously operated the building under a license as a tenement house. Such status permitted the building to have common bathroom facilities rather than individual bathrooms for each dwelling unit. When the status was abolished and the license therefor prohibited, petitioner applied for a license to operate the building as an apartment house. Inspection pursuant to the application revealed no change in the bathroom facilities. Other relatively minor violations were also noted. Petitioner has not corrected those other violations because it is contended that, if valid, the requirement of separate bathroom facilities would necessitate major interior construction rendering the other corrections

a futility since those areas would be totally rebuilt.

Petitioner contends that respondent is estopped from applying the separate bathroom requirement because during the public hearing preceding its adoption representations were made that the requirement would not, if adopted, be enforced for three years. When adopted it became effective immediately, but we are told no criminal sanctions have been imposed by way of enforcement for the past two and one-half years even though the building continues to be occupied by tenants of petitioner and no steps have been taken to correct the deficiencies. In any event, an estoppel may not operate to preclude denial of the license. National Hospital Service Soc., Inc. v. Jordan, 76 U.S.App.D.C. 26, 128 F.2d 460 (1942).

Petitioner also contends that entry into the building, as well as the individual units (presumably by consent of the occupants), without a warrant violated its Fourth Amendment right. We hold that in applying for the license, which is authorized by D.C.Code 1967, § 47–2328, petitioner is taken to have consented to the inspection made mandatory under D.C. Code 1967, § 47–2302. See Zap v. United States 328 U.S. 624, 628, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946).

The other issues now asserted were not urged at the administrative level and may not form the basis for overturning the decision on review. Unemployment Compensation Commission of Territory of Alaska v. Aragon, 329 U.S. 143, 155, 67 S.Ct. 245, 91 L.Ed. 136 (1946). See generally 3 Davis, Administrative Law Treatise § 20.06 (1958). In any event, there is no prejudicial error apparent on review of the administrative record. D.C.Code 1967, § 1–1510 (Supp. III, 1970).

Accordingly, the decision of the District of Columbia Board of Appeals and Review is

Affirmed.